# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-2076V**

| | |
|---|---|
| THELMA TALAMANTES,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 29, 2026 |

*Gregory T. Bryant, Bryant Law Group PC, Raleigh, NC, for Petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On December 8, 2025, Thelma Talamantes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on September 20, 2024. Petition at 1. Petitioner further alleges that the vaccine was administered in the United States, her pain and discomfort have persisted for more than six months, and neither Petitioner, nor any other party, has ever filed any civil action, or received compensation in the form of an award or settlement, for Petitioner's vaccine-related injury. Petition at ¶¶ 2, 11-13. The case was assigned to the Special Processing Unit of the Office of Special Masters.

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Initially, Respondent defended the claim (ECF No. 14). On July 13, 2026, I issued findings of fact (ECF No. 15). On September 28, 2026, Respondent filed an Amended Rule 4(c) report. Respondent's Amended Rule 4(c) Report, ECF No. 28, at 1. Recognizing that my factual findings (which he reserves the right to appeal) constitute the law of the case, Respondent states that he will not defend the case on other grounds during further proceedings in the Office of Special Masters, and states that Petitioner has otherwise satisfied the requirements set forth in the Vaccine Injury Table and Qualifications and Aids to Interpretation for SIRVA. *Id.* at 2.

Respondent agrees that "(i) petitioner had no recent history of pain, inflammation, or dysfunction of her right shoulder; (ii) the onset of pain occurred within forty-eight hours after receipt of an intramuscular vaccination; (iii) the pain and reduced range of motion [were] limited to the shoulder in which the vaccine was administered; and (iv) no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's right shoulder pain." Respondent's Amended Rule 4(c) Report at 8. Therefore, based on the record as it stands and subject to his right to appeal the findings of fact, Respondent does not dispute that Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id*.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master